IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No. RDB-16-0092** |
| | : | |
| **DARYL DAVIS** | : | |
| | : | |
| **Defendant** | : | |

**MOTION TO SUPPRESS TANGIBLE AND DERIVATIVE EVIDENCE**

The Defendant, Daryl Davis, by and through his attorneys, James Wyda, Federal Public Defender for the District of Maryland, and Andrew R. Szekely, Assistant Federal Public Defender, respectfully moves this Honorable Court to suppress evidence seized during the execution of a search warrant at 3440 Mayfield Avenue, Baltimore, Maryland. He also moves to suppress any other evidence, tangible or otherwise, that is derivative of the unlawful search.. In support of this motion, the defendant states the following:

1. The defendant is charged with a single count of Possession of a Firearm Following a Felony Conviction, in violation of 18 U.S.C. § 922(g).

2. On October 5, 2015, police officers executed a search warrant at 3440 Mayfield Avenue, Baltimore, Maryland. During the search of that residence, the police recovered the gun at issue in this case and small quantity of drugs. Further, the discovery provided by the government states that Mr. Davis made an inculpatory custodial statement at the time of his arrest.[1]

3. This search violated the Fourth Amendment to the United States Constitution, because the affidavit underlying the warrant did not establish probable cause to believe evidence of a crime would be found at the location. *See Doe v. Broderick*,

---

[1] The voluntariness of that statement is the subject of a separate suppression motion.

1

225 F.3d 440, 451 (4th Cir. 2000) ("The fundamental constitutional principle that search warrants must be founded upon probable cause derives from the language of the Fourth Amendment itself, which provides that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'"); *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983) (officer seeking issuance of search warrant must present affidavit containing facts sufficient to "provide the magistrate with a substantial basis for determining the existence of probable cause"; probable cause requirement demands that officer demonstrate "fair probability" that evidence of crime will be found at particular place); *Brinegar v. United States*, 338 U.S. 160, 175 (1949) (probable cause means "more than bare suspicion").

4. Moreover, the affidavit was so deficient that no objectively reasonable officer would have relied in good faith on the legality of the search warrant. *See United States v. Leon*, 468 U.S. 897, 923 (1984) (when warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" it cannot be relied upon in good faith).

5. Finally, because the police made an unlawful entry of the police into the residence, the statement Mr. Davis made that day is inadmissible as a fruit of the illegal entry and search. *See Wong Sun v. United States*, 371 U.S. 471 (1963).

Wherefore, for the above reasons and for any other reasons which may appear to the Court, Mr. Davis moves that all tangible and derivative evidence recovered or obtained based on the October 5, 2015, search be suppressed.

Respectfully submitted,

James Wyda
Federal Public Defender
  for the District of Maryland

\_\_\_/s/_____
Andrew R. Szekely (#16407)
Assistant Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland  21201
Phone: (410) 962-3962
Fax:  (410) 962-0872
Email: andrew_szekely@fd.org

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on the Defendant's motion.

_____/s/_____
Andrew R. Szekely
Assistant Federal Defender

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2016, a copy of the foregoing was served via CM/ECF to all parties in this matter.

_____/s/_____
Andrew Szekely